IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSÉ LUIS CLAUDIO SÁNCHEZ,

    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO.: 18-1114 (MEL)

## OPINION AND ORDER

Pending before the court is José Luis Claudio Sánchez's ("Plaintiff") appeal from the decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability benefits under the Social Security Act. ECF Nos. 3, 16. Plaintiff, who applied for disability alleging major depressive disorder, generalized anxiety disorder, and Crohn's disease, challenges the administrative law judge's residual functional capacity determination. It is also claimed by Plaintiff, among other allegations, that the administrative law judge failed to properly evaluate the medical opinions of record and erred in not finding his allegations credible.

## I.    Procedural and Factual Background

On May 9, 2011, Plaintiff filed an application for Social Security benefits alleging that on February 25, 2009 ("the onset date"), he became unable to work due to disability. ECF No. 16, at 1. Prior to becoming unable to work, Plaintiff worked as a heavy equipment operator and hotel cleaner. Tr. 283.[1] Plaintiff met the insured status requirements of the Social Security Act through September 30, 2017. Tr. 276. Plaintiff's disability claim was denied on January 24, 2012, and upon reconsideration. Tr. 272, 484-85. Thereafter, Plaintiff requested a hearing which was held

---

[1]  "Tr." refers to the transcript of the record of proceedings.

on September 12, 2016 before Administrative Law Judge Kim Nagle ("the ALJ"). Tr. 294-319.

On January 10, 2017 the ALJ issued a written decision finding that Plaintiff was not disabled. Tr.

285. Thereafter, Plaintiff requested review of the ALJ's decision and submitted additional

evidence. Tr. 791, 932-34. The Appeals Council denied Plaintiff's request for review, rendering

the ALJ's decision the final decision of the Commissioner, subject to judicial review. Tr. 7-10.

Plaintiff filed a complaint on February 27, 2018. ECF No. 3. Both parties have filed supporting

memoranda. ECF Nos. 16, 19.

## II.      Legal Standard

### A. Standard of Review

Once the Commissioner has rendered a final determination on an application for

disability benefits, a district court "shall have power to enter, upon the pleadings and transcript

of the record, a judgment affirming, modifying, or reversing [that decision], with or without

remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to

determining whether the ALJ employed the proper legal standards and whether his factual

findings were founded upon sufficient evidence. Specifically, the court "must examine the record

and uphold a final decision of the Commissioner denying benefits, unless the decision is based

on a faulty legal thesis or factual error." López-Vargas v. Comm'r of Soc. Sec., 518 F. Supp. 2d

333, 335 (D.P.R. 2007) (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15,

16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by

substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Richardson v. Perales, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere

scintilla of evidence but may be somewhat less than a preponderance' of the evidence." Ginsburg

v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting Laws v. Celebrezze, 368 F.2d 640,

642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by

substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying

the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir.

1999) (per curiam) (citing Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir.

1986) (per curiam); Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991)

(per curiam)). Moreover, a determination of substantiality must be made based on the record as a

whole. See Ortiz, 955 F.2d at 769 (citing Rodríguez v. Sec'y of Health & Human Servs., 647

F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine

issues of credibility and to draw inferences from the record evidence." Id. Therefore, the court

"must affirm the [Commissioner's] resolution, even if the record arguably could justify a

different conclusion, so long as it is supported by substantial evidence." Rodríguez Pagán v.

Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

### B. Disability under the Social Security Act

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that

he is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S.

137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security

Act if he is unable "to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12 months." 42

U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003); Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999); Yuckert, 482 U.S. at 140–42. If it is determined that plaintiff is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, then the ALJ determines at step three whether plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether plaintiff's impairment or impairments prevent him from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv).

In assessing an individual's impairments, the ALJ considers all of the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functional capacity ("RFC"). Id. If the ALJ concludes that plaintiff's impairment or impairments do prevent him from performing his past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether plaintiff's RFC, combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the

ALJ determines that there is work in the national economy that plaintiff can perform, then

disability benefits are denied. 20 C.F.R. § 404.1520(g).

C. **The ALJ's Decision**

In the case at hand, the ALJ found that Plaintiff met the insured status requirements of the

Social Security Act through September 30, 2017. Tr. 276. Then, at step one of the sequential

evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity

since the alleged onset date, February 25, 2009. Id. At step two, the inquiry as to severe

impairments resulted in the ALJ determining that Plaintiff had major depressive disorder,

generalized anxiety disorder, and Crohn's disease. Id. At step three, the ALJ found that Plaintiff

did not have an impairment or combination of impairments that met or medically equaled the

severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 276-

78. Next, the ALJ determined that during the relevant period

> [Plaintiff] had the residual functioning capacity to perform a full range of work at
> all exertional levels but with the following nonexertional limitations: he can
> perform work that permits ready access to restrooms and would not require an
> immediate replacement during an unscheduled restroom break. The claimant can
> perform simple and routine tasks with occasional interaction with the public,
> coworkers, and supervisors. He can perform jobs with occasional changes in the
> work setting and those requiring occasional decision-making.

Tr. 278. At step four, the ALJ determined that Plaintiff could return to his past relevant work as a

hotel cleaner. Thus, the ALJ concluded that Plaintiff was not disabled. Tr. 283.

In the alternative, the ALJ proceeded to step five and presented Plaintiff's RFC

limitations, as well as his age, education, and work experience to a vocational expert. Tr. 284.

The vocational expert testified that an individual with a similar RFC would be able to perform

the following representative occupations: laundry worker, sorter, and bench packager. Tr. 316-

17. Because there was work in the national economy that Plaintiff could perform, the ALJ

concluded that he was not disabled. Tr. 285.

### III.    Legal Analysis

Plaintiff challenges the ALJ's decision on four grounds. First, Plaintiff argues that the

ALJ's RFC determination regarding Plaintiff's physical limitations was unsupported by any

medical opinion. ECF No. 16, at 13. Next, Plaintiff claims that the ALJ failed to properly

evaluate the medical opinions of record regarding Plaintiff's mental limitations. Id. at 16. Third,

it is alleged by Plaintiff that the ALJ's rejection of Plaintiff's allegations about his symptoms is

unsupported by substantial evidence. Id. at 21. Lastly, Plaintiff argues that the Appeals Council

erred by denying review of his appeal. Id. at 14.

### A. The ALJ's RFC Determination Regarding Plaintiff's Physical Limitations

Plaintiff alleges that the ALJ erred in formulating Plaintiff's RFC because it did not rely

on any medical opinions addressing Plaintiff's physical functional limitations. Id. at 13-14. As a

lay person, "an ALJ is not qualified to interpret raw data in a medical record in functional

terms." See Pérez v. Sec'y of Health & Human Servs., 958 F.2d 445, 446 (1st Cir. 1991). "[T]he

ALJ must measure the claimant's capabilities and 'to make that measurement, an expert's RFC

evaluation is ordinarily essential unless the extent of functional loss, and its effect on job

performance, would be apparent even to a lay person.'" See Manso-Pizarro v. Sec'y of Health &

Human Servs., 76 F.3d 15, 17-18 (1st Cir. 1996) (quoting Santiago v. Sec'y of Health & Human

Servs., 944 F.2d 1, 7 (1st Cir. 1991). "An ALJ cannot rely on raw medical data; rather, he must

look to physician's opinions to translate that evidence into functional terms." Valentín-Rodríguez

v. Comm'r of Soc. Sec., No. 12-cv-1488, 2014 WL 2740410, at *7 (D.P.R. June 17, 2014).

Accordingly, the First Circuit has held that "where an ALJ reaches conclusions about claimant's

physical exertional capacity without any assessment of residual functional capacity by a

physician, the ALJ's conclusions are not supported by substantial evidence and it is necessary to remand for the taking of further functional evidence." See Pérez, 958 F.2d at 446.

In the case at bar, the ALJ's decision noted Plaintiff's Crohn's disease diagnosis and reports by treating general practice physician Dr. Juan Torres Hurtado ("Dr. Torres") that Plaintiff had recurrent episodes of Crohn's disease. Tr. 279, 1491, 1501. Analyzing the raw data, the ALJ found that the results of Plaintiff's colonoscopy were "generally normal." Tr. 280, 1349-50, 1527, 1537, 1583, 1589. Thus, the ALJ determined that Plaintiff had the RFC to "perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform work that permits ready access to restrooms and would not require an immediate replacement during an unscheduled restroom break." Tr. 278.

However, in making Plaintiff's RFC determination, the ALJ did not rely upon any medical opinions detailing Plaintiff's functional limitations resulting from his Crohn's disease. Nor was it explained by the ALJ how "ready access to restrooms" was the proper nonexertional limitation. Thus, the ALJ's RFC determination was unsupported by substantial evidence because the ALJ "was not qualified to interpret raw medical data in functional terms" and she did not rely upon medical opinions regarding the physical functional limitations related to Plaintiff's Crohn's disease. See Ngyuen v. Chater, 172 F.3d 31, 35-36 (1st Cir. 1999).

### B. The ALJ's Evaluation of Medical Opinions Regarding Plaintiff's Mental Limitations

Plaintiff argues that the ALJ "failed to properly evaluate the medical opinions of record regarding Plaintiff's mental limitations." ECF No. 16, at 16. Specifically, Plaintiff contends that the ALJ erred in giving "little weight" to the opinion of treating psychiatrist Dr. Rafael Cruz Mena ("Dr. Cruz"). Id. at 17. The disability determination process generally gives "more weight to medical opinions from [a claimant's] treating sources." 20 C.F.R. § 404.1527(c)(2). However,

the ALJ is not always required to give controlling weight to the opinions of treating physicians.

See Barrientos v. Sec'y of Health & Human Servs., 820 F.2d 1, 2–3 (1st Cir. 1987). Rather, the

ALJ can "give less weight to the opinion of a treating physician if he has good reason to do so."

Pagán-Figueroa v. Comm'r of Soc. Sec., 623 F. Supp. 2d 206, 210–11 (D.P.R. 2009).

Specifically, the ALJ may disregard the treating physician's opinion when it is "not supported by

medically acceptable clinical laboratory techniques, or [is] otherwise unsupported by the

evidence." Sánchez v. Comm'r of Soc. Sec., 270 F. Supp. 2d 218, 221–22 (D.P.R. 2003).

 In the case at bar, Dr. Cruz reported that Plaintiff had slight limitations in his ability to

understand and carry out short, simple instructions and moderate limitations in his ability to

carry out detailed instructions and make judgments on simple work-related decisions. Tr. 1244. It

was also reported by Dr. Cruz that Plaintiff had marked limitations in interacting appropriately

with the public, supervisors, and co-workers, and that he had marked limitations in responding

appropriately to usual work situations and to changes in a routine work setting. Tr. 1472.

Dr. Cruz opined that "[Plaintiff's] organic condition and other circumstances, produce the actual

limitations to his work productivity." Tr. 1147.

 The ALJ gave little weight to Dr. Cruz's opinions because they were not supported by

other medical evidence in the record as a whole. Tr. 282. For example, in evaluating Plaintiff's

medical impairments, the ALJ determined that Plaintiff had a moderate restriction in the area of

"activities of daily living." Tr. 277. In his functional report, Plaintiff reported being able to

shower, take his medication, prepare breakfast, and use the restroom independently. Tr. 855, 861.

 Next, the ALJ found that Plaintiff had only moderate limitations in the area of "social

functioning." Tr. 277. This determination was supported by Plaintiff's reports of regularly

socializing with family members and the ALJ's observations that Plaintiff "interacted and

answered questions appropriately at the hearing." Tr. 281, 863, 867. In assessing Plaintiff's

concentration, persistence, and pace, the ALJ determined that Plaintiff only had a moderate

limitation because he "maintained sufficient attention and concentration at the hearing to answer

questions appropriately." Tr. 277.

The ALJ also relied upon treating psychiatrist Dr. Olga S. Rodríguez Olaverri's

("Dr. Rodríguez") observation that Plaintiff had a clean appearance, was alert, and displayed a

normal affect. Tr. 277, 943. Consultative examiner psychiatrist Dr. Rafael H. Míguez Balseiro

("Dr. Míguez") observed that Plaintiff had a normal appearance, had adequate hygiene, was

cooperative, and had logical, coherent, and relevant thoughts. Tr. 279, 1037. Dr. Míguez also

noted that Plaintiff was oriented in all spheres and that he reported doing household chores. Tr.

1037.

Upon reviewing the record, state agency examiner Dr. Jeanette Maldonado

("Dr. Maldonado") determined that Plaintiff had only a moderate limitation in activities of daily

living, a mild limitation in social functioning, a moderate limitation in concentration, persistence,

or pace, and no episodes of decompensation. Tr. 281, 478. Dr. Maldonado's opinion that Plaintiff

only had mild to moderate limitations in areas of mental functioning is supported by Plaintiff's

reported activities in his functional report, the ALJ's observations of Plaintiff at the hearing, and

the opinions of Dr. Rodríguez and Dr. Míguez. Thus, the ALJ gave significant weight to

Dr. Maldonado's opinion because – unlike Dr. Cruz's conclusions -- it was generally consistent

with the medical evidence in the record as a whole. Tr. 281. See Evangelista v. Sec'y of Health

& Human Servs., 826 F.2d 136, 144 (1st Cir. 1987) ("We must affirm the Secretary's

[determination], even if the record arguably could justify a different conclusion, so long as it is

supported by substantial evidence."). In sum, Plaintiff has failed to show that it was erroneous

for the ALJ to assign little weight to Dr. Cruz's opinions. See Sánchez, 270 F. Supp. 2d at 221–22.

Plaintiff also alleges that the ALJ erred in not discussing examining psychiatrist Dr. José Ríos Robles' ("Dr. Ríos") evaluation. ECF No. 16, at 20-21. However, Dr. Ríos' evaluation is cited multiple times in the ALJ's decision. See Tr. 279 (noting Dr. Ríos' diagnostic impressions regarding Plaintiff's mental impairments in a DDS Psychiatric Consultative Evaluation (Tr. 1381-82)); Tr. 281 (referencing Dr. Ríos' observation that Plaintiff gave poor effort during the evaluation (Tr. 1382)). Furthermore, the consultative evaluation was limited in scope because Dr. Ríos noted that Plaintiff "chose to stay quiet for most of the interview," and therefore Plaintiff's "vocabulary, form of thought, mood, self-attitude, vital sense, intelligence, insight and judgment could not be evaluated for this reason." Tr. 1382. Plaintiff's argument that the ALJ erred in failing to properly consider Dr. Ríos's examination is meritless because Dr. Ríos' limited findings were specifically cited numerous times throughout the ALJ's decision.

### C. The ALJ's Rejection of Plaintiff's Allegations Regarding his Symptoms Related to his Crohn's Condition and Mental Limitations

Next, Plaintiff argues that the ALJ erred in not finding his subjective allegations related to his Crohn's condition and mental limitations credible. ECF No. 16, at 21-25. The ALJ must consider a claimant's symptoms in determining whether the claimant is disabled. See 20 C.F.R. § 404.1529(a). First, the ALJ must decide whether a claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged. See id. at § 404.1529(b). Then, the ALJ must evaluate the intensity and persistence of a claimant's symptoms and consider whether the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record documenting Plaintiff's limited capacity for work. See id. at § 404.1529(c). The ALJ has discretion to evaluate

10

the credibility of a claimant's statements and render an independent judgment in light of the medical findings and other evidence regarding his symptoms. See Mimms v. Heckler, 750 F.2d 180, 185-86 (2d Cir. 1984).

In the case at hand, the ALJ found that Plaintiff had the following medically determinable impairments: major depressive disorder, generalized anxiety disorder, and Crohn's disease. Tr. 276. Then, it was determined by the ALJ that Plaintiff's allegations regarding the intensity, persistence, and limiting effects of his symptoms were "not entirely consistent with the medical evidence and other evidence in the record." Tr. 279-80. As stated earlier, Plaintiff's reports of his daily activities and opinions from Dr. Rodríguez, Dr. Míguez, and Dr. Maldonado support the ALJ's finding that Plaintiff's mental impairments did not cause severe functional limitations. See Clarence Bros. v. Astrue, Civ. No. 11-830, 2012 WL 3243232, at *9-10 (M.D. Fla. Aug. 8, 2012) (finding that "the ALJ's conclusion that [the claimant's] mental impairments were severe was not inconsistent with his conclusion that they caused only mild functional limitations."); Reece v. Barnhart, 414 F. Supp. 2d 555, 559 (D.S.C. 2006). Thus, it was proper for the ALJ to disregard Plaintiff's allegations regarding the severity of his mental limitations because they were not consistent with his reported daily activities and the record medical evidence. See Tr. 279-81, 478, 855, 863, 867, 943, 976, 1037.

However, as previously stated, the ALJ erred in not relying upon medical opinions addressing the physical functional limitations related to Plaintiff's Crohn's disease. Upon soliciting the appropriate medical opinions, the Commissioner should reevaluate Plaintiff's allegations as they relate to his physical limitations. The court dispenses with Plaintiff's remaining argument regarding the Appeals Council as it finds Plaintiff's other arguments dispositive of this case.

11

**IV.     Conclusion**

Based on the foregoing analysis, the Commissioner's decision is REVERSED IN PART

AND AFFIRMED IN PART. The decision of the Commissioner regarding Plaintiff's RFC

determination was not based on substantial evidence. Therefore, the Commissioner's decision is

VACATED IN PART and the case REMANDED so that the ALJ may solicit medical opinions

and reexamine the functional limitations from Plaintiff's Crohn's disease as well as whether

Plaintiff's subjective claims are consistent with or supported by the limitations, if any, from his

Crohn's condition. With respect to the weight given by the ALJ to Dr. Cruz and Dr. Ríos, and the

ALJ's credibility determinations regarding Plaintiff's allegations about the severity of his mental

limitations, Plaintiff's arguments are rejected and the Commissioner's decision is hereby

AFFIRMED. This remand does not dictate any outcome with regard to the final finding of

disability.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of April, 2020.

s/Marcos E. López
U.S. Magistrate Judge